## George E. Krueger, Appellee, v. L. H. Lundeen and Owen Johnson, Appellants.

### Gen. No. 23,694.

1. TRADE-MARKS AND TRADE NAMES, § 21*—*how former servants may not interfere with business of master.* While employees who leave an employer may engage in a similar business in the same neighborhood and may make every legitimate effort to promote its success, they cannot make representations concerning and give out information as to his business for the purpose of seducing his former customers from returning to him and in order to obtain his former customers and to profit thereby.

2. INJUNCTION, § 51a*—*when justified because of unfair competition.* On a bill to enjoin unfair competition, it is not the defendant's motive that is important, but it is his conduct in unfairly depriving complainant of that which belongs to him that is condemned and gives the court jurisdiction and justifies an injunction.

3. TRADE-MARKS AND TRADE NAMES, § 26*—*what does not constitute variance between bill and proof.* There is no variance between a bill of complaint which alleges that defendants had circulated certain reports as to the removal of complainant's office and had represented to certain of the latter's patients who had contracted with him for treatment that it would be given at defendants' office and evidence of such patients that one of the defendants had made representations to influence them to visit defendants and have future work done by them.

4. TRADE-MARKS AND TRADE NAMES, § 26*—*when decree enjoining unfair competition sustained by evidence.* On a bill to enjoin unfair competition, evidence *held* to sustain a decree for complainant.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed May 15, 1918. Rehearing denied May 28, 1918. *Certiorari* denied by Supreme Court (making opinion final).

GEORGE A. B. PFUHL and JAMES CONSIDINE, for appellants; DOUGLAS C. GREGG, of counsel.

FREDERICK A. BANGS and RICHARD H. COLBY, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

The sole question in this cause is whether a decree permanently restraining the appellants (1) from representing that a dental office operated by the appellee at 802 West Madison street was moved to 740 West Madison street; (2) from circulating the report, or stating to patients of appellee, whose dental work was in process of completion, that their work would be completed at 740 West Madison street; and (3) from making any other representations intending to lead the public to believe that the dental office conducted by appellants at 740 West Madison street had any connection with the dental office at 802 West Madison street, is erroneous.

Krueger, appellee, a licensed dentist, having purchased a dental establishment at 802 West Madison street, known as "McConnell, Dentists," from one Dr. Whitman, employed Lundeen, one of the appellants, to take charge of and manage it. Subsequently, appellee also employed Johnson, one of the appellants, to work for him at the same place. On September 17, 1916, appellant Lundeen, who had worked for appellee for over three years, left the employment of the appellee and opened up an office at 740 West Madison street, being just across the street from 802 West Madison street, where appellants had formerly worked for appellee. A number of witnesses were called by appellee to prove that appellants were guilty of unfair conduct in obtaining patients who had formerly visited the dental establishment of appellee.

The evidence of the witnesses Smith, Olsen, Murrell, Brown, McEneany, Shanks and Aramian, which is referred to and commented upon in the master's report, sufficiently proves that appellant Lundeen made representations to influence them, as former patients of appellee, to visit appellants and have their future dental work done by appellants. It is needless here to set

forth a resumé of the evidence on that subject. We are of the opinion that there was ample evidence justifying the decree. There is no doubt but that appellants, when they left the employment of appellee, had the right to go across the street and open up a new office for the practice of dentistry. They were entitled to make every legitimate effort to further their own welfare and increase their professional success and profit. Of course, in such a case as this, it is not the motive of the appellants that is important, as "a wrongful motive cannot convert a legal act into an illegal one." Nims on Unfair Competition, etc., p. 333. It is conduct which unfairly deprives another of that which belongs to him that is condemned and which gives the court jurisdiction and justifies the injunction. The law does not allow ex-employees to make representations concerning and give out information about their former employer's business for the double purpose, first, of seducing patients from going back to the place of business of their former employer, and, second, of obtaining their former employer's customers and pecuniarily profiting thereby.

It is contended by the appellants that the evidence is not consistent with the allegations in the bill of complaint, and that there is a variance. The allegations in the bill of complaint, that appellants had circulated certain reports as to the removal of the dental offices and had made certain representations to patients of the appellee who had contracted for dental work that the rest of the work would be done at the new office, are not only consistent with the evidence, but, when proven, amply support as well as justify the decree.

Finding no error in the record the decree is affirmed.

*Affirmed.*